No. 21432.

Lawrence J. Landwehr *v.* The Regents of the
University of Colorado, et al.
(396 P.2d 451)

Decided November 9, 1964.

1

2

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, RAPHAEL J. MOSES, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error as Landwehr and to the defendants in error as the defendants.

The complaint was filed in the district court of Boulder county and Landwehr alleged therein that from 1960 through the "spring" of 1964 he was a resident and domiciliary of the State of Colorado and a student at the University of Colorado; that he was wrongfully "required to pay tuition in excess of that paid by other

residents and domiciliaries of Colorado in the following amounts:"

| "School year, Semester, or Session | Amount Paid by Plaintiff | Amount Paid by Other Residents & Domiciliaries | Difference |
|---|---|---|---|
| Year '60-61 | $720.00 | $ 232.00 | $ 468.00 |
| Year '61-62 | 835.00 | 262.00 | 573.00 |
| Summer '62 | 190.00 | 80.00 | 110.00 |
| Year '62-63 | 904.00 | 280.00 | 624.00 |
| Fall '62-63 | 452.00 | 140.00 | 312.00 |
| Spring, '63-64 | 369.00 | 125.00 | 244.00 |
| | | $1119.00 | $2331.00" |

He alleged that the University "unjustly has been enriched in the amount of two thousand three hundred thirty one dollars plus interest." In addition thereto he asks "for judgment in the amount of five thousand five hundred dollars as punitive damages * * *" and costs. He alleged that C.R.S. '53, 124-18-1 et seq. (as amended by S.L. 1961, ch. 229-1 et seq.,) under the authority of which the defendants classified him as an "out-of-state" student, was unconstitutional in the particulars hereinafter noted.

The statute in pertinent part reads as follows:

"Section 1.—Legislative intent. It is the intent of the general assembly that the state institutions of higher education shall apply uniform rules, as herein prescribed and not otherwise, in determining whether students shall be classified as in-state students or out-of-state students for tuition purposes.

"Section 2.—Definitions. * * *

"(2) The words 'in-state student' shall mean a student who has been domiciled in Colorado for one year or more immediately preceding registration at any institution of higher learning in Colorado for any term or session for which domiciliary classification is claimed, provided, however, that attendance at an institution of higher learning within the state of Colorado shall not

4

alone be sufficient to qualify for domicile in Colorado.

"(3) The word 'domicile' shall denote a person's true, fixed, and permanent home and place of habitation. It is the place where he intends to remain, and to which he expects to return when he leaves without intending to establish a new domicile elsewhere.

\* \* \*

"Section 3. Presumptions and rules for determination of status. \* \* \*

"(2) To aid the institutions in deciding whether a student, or parent, or guardian of the person of a student, is domiciled in Colorado the following rules shall be applied: \* \* \*

"(3) An unemancipated minor shall qualify for a change in status only if his parents or legal guardian or person having legal custody shall have completed the requirements for establishing domicile as defined in this article. *An emancipated minor or adult student who has registered for more than five hours per term shall not qualify for a change in his classification for tuition purposes unless he shall have completed twelve continuous months of residence while not attending an institution of higher learning in the state or while serving in the armed forces.*" (Emphasis supplied.)

It appears on the face of the complaint filed by Landwehr that he could not qualify as an "in-state" student under the provisions of the statute which is emphasized in the foregoing quotation. It also appears from the complaint that he had not been "domiciled in Colorado for one year or more immediately preceding registration," as required by the statute for "in-state student" classification.

Landwehr argued in the trial court, and here, that the statute is unconstitutional in that it violates:

1. The Fourteenth Amendment to the United States Constitution (the equal protection clause and the due process clause).

2. Article 1, Section 8(3) of the United States Consti-

tution (delegating power to congress to regulate commerce among the states).

3. Article IV, section 2, of the United States Constitution (providing that "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.")

4. The due process clause of the Colorado Constitution, Article V, sec. 25, and Article II, sec. 3, thereof (which recognizes the existence of "inalienable rights" among which are the right in all persons, "* * * of seeking and obtaining their safety and happiness.")

The principal arguments of Landwehr are based on the "equal protection," the "due process," and the "privileges and immunities" clauses of the Constitution of the United States. They could only be sustained in the event that this court determines that the distinction between "in-state" and "out-of-state" students—which the defendants were authorized to make under the statute—amounts to an unreasonable and arbitrary classification of residents of Colorado, for which there is no substantial difference and which has no reasonable relation to the object with which the statute deals nor to the public purpose sought to be achieved by the legislative enactment.

From the opinion of this court in *Driverless Car Company, et al., v. Armstrong, Secretary of State,* 91 Colo. 334, 14 P.2d 1098, we quote the following pertinent language:

"3. It is urged that the provisions in question offend against the provision of the Fourteenth Amendment to the Constitution of the United States forbidding a state to make or enforce any law denying any person the equal protection of the laws. The argument in support of this objection challenges the classification adopted by the legislature. But to constitute class legislation within the constitutional prohibition, the classification must be unreasonable. The question of classification is primarily for the legislature. Courts will not interfere

with the legislative classification unless it appears that there is 'no fair reason for the law that would not equally require its extension to the excepted class.' * * *"

In *People ex rel. Dunbar v. Schaefer*, 129 Colo. 215 268 P.2d 420, we applied the rule in the following language:

"It is fundamental that, subject to constitutional limitations, the legislature may make any classification of the recipients of inherited estates for purposes of taxation which it sees fit, and that courts may not interfere, provided there is the required equality and uniformity between the persons in the separate classes, and provided further, that the classification is not unreasonable or arbitrary and in fact has sanction in reason and logic. An exhaustive review of authorities and a discussion of applicable principles may be found in the opinion of the Supreme Court of South Dakota in the case of *In Re McKennan's Estate*, 27 S. D. 136, 130 N.W. 33."

█ The classification of students applying for admission to the tax supported University of Colorado into "in-state" and "out-of-state" groups is a matter for legislative determination. It is our considered view that this classification is not arbitrary or unreasonable and is not so lacking in a foundation as to contravene the constitutional provisions upon which Landwehr relies. We find no basis whatever for the contention made by Landwehr that the statute violates the United States Constitution which delegates power to the Congress to regulate interstate commerce.

The judgment is affirmed.