James H. **ROBERTSON**, Plaintiff,

v.

**REGENTS OF** the **UNIVERSITY OF NEW MEXICO**, a body corporate of the State of New Mexico, and **J. C. Mac-Gregor**, Dean of Admissions and Records of the University of New Mexico, Defendants.

**Civ. No. 9515.**

United States District Court,
D. New Mexico.

Aug. 3, 1972.

Charles T. Dumars, L. Michael Messina, R. T. Mosher, Jr., Albuquerque, N. M., for plaintiffs.

Thomas Patrick Whalen, Jr., Asst. Atty. Gen., David L. Norvell, Atty. Gen., State of N .M., for Bruce King.

W. A. Sloan, Rodey, Dickason, Sloan, Akin & Ross, Albuquerque, N. M., for J. C. MacGregor and Regents of University of New Mexico.

Before SETH, Circuit Judge, and PAYNE and MECHEM, District Judges.

PER CURIAM.

DECISION OF THE COURT

This matter came before the Court on the merits, the parties appearing by their respective counsel of record. Thereupon, the Court having considered the pleadings and the Stipulation of Facts of the parties, and the argument of counsel; and being otherwise fully advised herewith renders the decision of the Court:

*Findings of Fact*

1. Plaintiff James H. Robertson was born September 3, 1950 and has been a

bona fide resident of the State of New Mexico for more than 12 months preceding the filing of this action. The Regents of the University of New Mexico is a body corporate of the State of New Mexico charged by the Constitution and statutes of the State of New Mexico with the governance of the University of New Mexico. J. C. MacGregor is Dean of Admissions and Records of the University of New Mexico and as such is charged generally by the Regents with responsibility for admission of students and maintenance of records of students at the University of New Mexico.

2. Plaintiff James H. Robertson although a bona fide resident of the State of New Mexico has been denied residency status for payment of the lower tuition granted resident students at the University of New Mexico based upon a portion of Chapter 98, Session Laws 1972, which reads as follows:

"No person who was classified as a 'non-resident' for tuition purposes upon his initial enrollment in a public institution of higher education in this state shall have his status changed to that of a "resident" for tuition purposes unless he has maintained domicile in this state for a period of not less than one year during which entire period he has not been enrolled, for as many as six hours, in any quarter or semester, as a student in any such institution. This restriction shall not apply to a married woman living together with her non-student husband." (New Mexico Session Laws 1972, Chapter 98, Para. K. (in part)).

3. Plaintiff James H. Robertson is a bona fide resident of the State of New Mexico and has standing to bring this suit on behalf of himself and all bona fide residents of the State of New Mexico similarly situated. The class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims of the representative parties are typical of the claims of the class and the representative party James H. Robertson will fairly and adequately protect the interests of the class.

4. Defendants opposing the class have acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Plaintiff and his class have no plain, speedy and adequate remedy at law.

*Conclusions of Law*

1. This Court has jurisdiction of the parties, and the subject matter of this action pursuant to 28 U.S.C. § 1343 for redress of violation of Civil Rights under 42 U.S.C. § 1983.

2. This is a proper case for a Three-Judge Court pursuant to 28 U.S. C. §§ 2282 and 2284.

3. By stipulation of Defendants in and solely for purposes of this case, the Regents of the University of New Mexico, a body corporate, may be sued under 42 U.S.C. § 1983 without joinder of the individual members of the Board of Regents.

4. This action is a proper Plaintiff's class action pursuant to Rule 23(a), (b)(2) of the Federal Rules of Civil Procedure.

5. Individuals who have once been classified as nonresidents for tuition purposes are by the foregoing provisions explicitly barred from changing their status to residents for tuition purposes unless they are enrolled for fewer than six hours in any semester or quarter for a period of not less than one year. This in effect creates an irrebuttable presumption that a student who first enrolled as a non-resident student remains a non-resident student for tuition purposes unless he undergoes the unreasonable and arbitrary burden of abandoning the major portion of a year's education. The classification thus created is unreasonable, arbitrary, and violates the due process and equal

protection clauses of the Fourteenth Amendment to the Constitution of the United States and Article II, Sec. 18 of the Constitution of the State of New Mexico.

6. This action concerns solely the constitutionality of the portion of Chapter 98, New Mexico Laws 1972, set forth in Finding of Fact No. 2. No issue has been raised herein with respect to either the power of the State of New Mexico to establish a one year durational residency requirement for payment of resident tuition or the power of the State of New Mexico to establish the age, of majority, and no ruling is made thereon.

7. Judgment should be entered in accordance with these Findings of Fact and Conclusions of Law declaring the statutory provision set forth in Finding of Fact No. 2 unconstitutional and permanently enjoining the Defendants from enforcing such statute.