No. 25353

**Bradford C. Covell v. William A. Douglas, Robert J. Hefling, and Daniel C. Hale, for the University of Colorado Committee on Tuition Classification**

(501 P.2d 1047)

Decided October 2, 1972.        Rehearing denied October 30, 1972.

444

Donald C. Peters, David D. Belina, for petitioner-appellant.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, John P. Holloway, Assistant, for respondents-appellees.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Appellant, Covell, alleged that he had been a student at the

University of Colorado for the fall term of 1969, and the spring term of 1970, and was classified as an out-of-state student for tuition purposes. Seeking to return to school in January, 1971, he requested that the University classify him as an in-state student since he had been domiciled in Colorado for one year as required by 1967 Perm. Supp., C.R.S. 1963, 124-18-2(2). He was denied the change apparently on the ground that he had not complied with 1967 Perm. Supp., C.R.S. 1963, 124-18-3(3).

Thereafter, Covell instituted the within action by filing a petition for declaratory judgment challenging the constitutionality of section 124-18-3(3), and for further relief in the nature of mandamus. He alleged in his petition that he had been a domiciliary of Colorado since September, 1969, because of a) residence in the state since that time; b) his stated intent to make Colorado his domicile; c) his having obtained a Colorado driver's license; d) his registration as a voter and actually having voted in Colorado; e) his having obtained employment in Colorado and payment of Colorado income taxes through withholding; and f) his having maintained a bank account in a Colorado bank. Covell additionally alleged that he has been a qualified person to determine his own domicile since January 1, 1970, when he became an emancipated minor; and further that he had attained his twenty-first birthday in September, 1970. Moreover, Covell alleged that he had no intention of returning to his former domicile, nor to acquire a domicile at some place outside Colorado.

The University moved for judgment on the pleadings, which was granted, and the action was dismissed with judgment for costs entered against Covell.

Appellant does not deny the validity of his original classification as an out-of-state student, nor does he contest the validity of any other provision of C.R.S. 1963, 124-18-1 *et seq.* As a consequence, there is no challenge herein to the right of the state to require a full year's residence in Colorado and to the necessity for presenting other evidence of domiciliary status. The portion of Section 124-18-3(3) which

Covell attacks reads:

"* * * An emancipated minor or adult student who has registered as a full-time student for more than eight hours per term shall not qualify for a change in his classification for tuition purposes unless he shall have completed twelve continuous months of residence while not attending an institution of higher learning, public or private, in the state * * *."

▊▊ The narrow issue presented is Covell's argument that the above-quoted subsection (3) establishes a conclusive presumption which bars him from changing his status as a domiciliary in Colorado unless he abandons his education for one year or reduces his attendance to less than eight hours in each term of the year. This burden, Covell claims, is constitutionally impermissible under the rule as announced in *Kline v. Vlandis,* 346 F.Supp. 526 (D.C. Conn. 1972), *See also Carrington v. Rash,* 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675. We agree and reverse the trial court's judgment.

I.

After the briefs were filed in this case and subsequent to oral argument, *Robertson v. Regents of The University of New Mexico,* (No. 9515) 350 F.Supp. 100, was decided on August 3, 1972, by a federal three judge panel in the New Mexico United States District Court. In that case a New Mexico statute, strikingly similar to the section in the Colorado statute under consideration herein, was declared to be unconstitutional. The portion of Chapter 98, Paragraph K, New Mexico Session Laws 1972, reads as follows:

"No person who was classified as a 'non-resident' for tuition purposes upon his initial enrollment in a public institution of higher education in this state shall have his status changed to that of a 'resident' for tuition purposes unless he has maintained domicile in this state for a period of not less than one year during which entire period he has not been enrolled, for as many as six hours, in any quarter or semester, as a student in any such institution. This restriction shall not apply to a married woman living together with her non-student husband."

In declaring the offending section null and void and excising it from the New Mexico 1972 Session Laws, the federal three judge court held: .

"Individuals who have once been classified as non-residents for tuition purposes are by the foregoing provisions explicitly barred from changing their status to residents for tuition purposes unless they are enrolled for fewer than six hours in any semester or quarter for a period of not less than one year. This in effect creates an irrebuttable presumption that a student who first enrolled as a non-resident student remains a non-resident student for tuition purposes unless he undergoes the unreasonable and arbitrary burden of abandoning the major portion of a year's education. The classification thus created is unreasonable, arbitrary, and violates the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and Article II, Sec. 18 of the Constitution of the State of New Mexico."

As we are doing in the case at bar, the New Mexico court limited its action to the one section, holding:

"This action concerns solely the constitutionality of the portion of Chapter 98, New Mexico Laws 1972, set forth in Finding of Fact No. 2. No issue has been raised herein with respect to either the power of the State of New Mexico to establish a one year durational residency requirement for payment of resident tuition or the power of the State of New Mexico to establish the age of majority, and no ruling is made thereon."

Additional authority for our resolution of the question herein is *Kline v. Vlandis, supra,* also decided by a panel of three federal judges who considered a Connecticut statute which absolutely barred one classified as an out-of-state student from ever obtaining a change in that status. In holding the statute violative of section 1 of the Fourteenth Amendment to the United States Constitution, the court stated:

"* * * Assuming that it is permissible for the state to impose a heavier burden of tuition and fees on non-resident than on

resident students, the state may not classify as 'out of state students' those who do not belong in that class. Whether the statute is construed as creating an irrebuttable presumption or as a rule of substantive law, that is what it does. * * * The rule that a conclusive presumption may not be utilized to classify a person as a non-resident when he is in fact a resident was applied in *Carrington v. Rash,* 380 U.S. 89 (1965), where the Court invalidated a section of the Texas Constitution which prohibited a member of the armed forces who first established his home in Texas during the course of his military service from satisfying the residency qualifications for a voter so long as he remained a member of the armed forces. The Supreme Court held that by prohibiting all servicemen not residents of Texas before induction 'ever to controvert the presumption of non-residence, the Texas Constitution imposes an invidious discrimination in violation of the Fourteenth Amendment.' "

The quoted portion of section 124-18-3(3) provides the same type of conclusive presumption condemned in *Carrington v. Rash, supra,* and, more particularly, in *Kline v. Vlandis, supra.* All full-time students, not residents of Colorado before they attend school herein, are prohibited from ever controverting the presumption of non-residency for tuition purposes while they remain full-time students. The relevant portion of section 124-18-3(3), consequently, imposes an invidious discrimination violative of the Fourteenth Amendment.

The University contends that this court has previously determined the argument raised by Covell in *Landwehr v. Regents,* 156 Colo. 1, 396 P.2d 451. We deem the *Landwehr* case distinguishable and, as we read it, find that it did not raise the precise issue decided herein. Landwehr brought a suit challenging the disparity of tuition charged out-of-state students as compared with those domiciled in Colorado. He founded his action on unjust enrichment and sought a judgment for the difference in what he had paid and what in-state students had paid. He alleged the disparity in the amount of the tuition deprived him of equal protection in

violation of Article IV, Section 2 of the United States Constitution, which grants to the states that "[t]he citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." We held in *Landwehr,* and we adhere to that ruling, that the classification of students applying for admission to the tax-supported universities of Colorado to in-state and out-of-state groups is not arbitrary or unreasonable and is not so lacking in foundation as to contravene the constitutional provisions on which Landwehr relied. We also stated that the matter of classification of students was not encompassed within the United States Constitution delegating to Congress the power to regulate interstate commerce. Contrary to *Landwehr,* Covell's complaint — which must be taken and uncontradicted for the purposes of the motion for judgment on the pleadings — shows appellant acquired domicile in this state.

## II.

The remaining question is whether the offending portion of section 124-18-3(3) is severable from the remainder of C.R.S. 1963, 124-18-1 *et seq.* In this connection, the rule is that where a portion of a statute is unconstitutional, the remaining portions will be held valid if they are complete in themselves, not dependent on the void portion, and, therefore, can be given legal effect. *Pike v. School Dist. No. 11,* 172 Colo. 413, 474 P.2d 162; *see* C.R.S. 1963, 135-1-5.

It is apparent that the remainder of the sentence in section 124-18-3(3), reading "* * * or while serving in the armed forces," is dependent on the offending portion thereof, and, consequently, is not severable. However, the sentence that precedes the unconstitutional portion of subsection (3) and the remainder of section 124-18-3, as well as sections 124-18-1 and 124-18-2, can be given legal effect. We hold that the offending sentence is severable from the remainder of C.R.S. 1963, 124-18-1 *et seq.,* which is legally complete in itself.

Judgment is reversed, and cause is remanded with directions to reinstate the action and for further proceedings consistent with the views herein expressed.

MR. JUSTICE KELLEY not participating.