Jan HASSE et al., Plaintiffs,

and

Robert Walter Baldwin, Plaintiff-Intervenor,

v.

The BOARD OF REGENTS OF the UNIVERSITY OF HAWAII et al., Defendants.

Civ. No. 72-3719.

United States District Court,
D. Hawaii.

Aug. 28, 1973.

Joel E. August, Michael A. Town, Hawaii Legal Services Project, Wailuku, Hawaii, Peter A. Lee, Hawaii Legal Services Project, Honolulu, Hawaii, for plaintiffs.

Evan R. Shirley, American Civil Liberties Union of Hawaii, Honolulu, Hawaii, for plaintiffs and plaintiff-intervenor.

Thomas T. Wood, Deputy Atty. Gen., George Pai, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendants.

## DECISION

SAMUEL P. KING, District Judge.

This is a class action pursuant to 42 U.S.C. § 1983 challenging the constitutionality of the twelve month durational residency requirement in effect at the University of Hawaii and its component campuses as a prerequisite to qualifying as a resident for tuition and admission quota purposes. Jurisdiction is conferred by 28 U.S.C. § 1343(3), (4), and declaratory and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

H.R.S. § 304-4 (Supp.1972) provides that for tuition purposes:

> . . . the basic rule shall be that adult and minor students are resident students if the adult students, or in the case of minor students, their parents or guardians, have been bona fide residents of this State for at least twelve consecutive months next preceding their first registration at the university.[1]

Pursuant to the authority vested by § 304-4 defendant Board of Regents has promulgated "Rules and Regulations Governing Out-of-State Tuition At all Institutions Under the Jurisdiction of the Board of Regents of the University of Hawaii" (hereinafter Rules and Regulations) adopting a twelve month rule [2] and establishing primary and secondary indicia of residency.[3] § 304-4 also povides:

> . . . that the tuition fee for nonresident students . . . shall not

---

1. The plain language of § 304-4 appears to forever preclude a student from acquiring resident status if he was a nonresident during his first registration, but the Attorney General's interpretation permits a showing of compliance with the twelve month rule and attainment of resident status for subsequent registrations. 69 Op Attn'y Gen 13 (1969). Compare Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973).

2. Rules and Regulations, Section IV.

3. Rules and Regulations, Section VII, Indicia of Residence, provides the following primary and secondary indicia:

   *Primary indicia*
   (1) Voter registration in Hawaii.
   (2) Voting in Hawaii.
   (3) Possession and use of Hawaii motor vehicle license plates.
   (4) Payment of Hawaii personal income tax.
   (5) Presence of spouse, children, and other close relatives in Hawaii.

be less than four times the tuition fee for resident students, but in no event less than $680.

In addition defendant Board of Regents has adopted a "controlled growth policy" limiting enrollment of non-resident students to 20% of the enrollment on the Manoa campus and to 10% of the enrollment at each of the community colleges.[4]

■ In practice the twelve month rule creates an irrebuttable presumption foreclosing students and prospective students for one year from making a factual showing of residency in satisfaction of defendant Board of Regents' own indicia. In evaluating the constitutionality of this residency requirement we acknowledge that the limited nature of state finances[5] and facilities available for higher education provides compelling reason for state colleges and universities to treat residents and non-residents differently;[6] this is particularly true in Hawaii given the special allure of our higher educational system. We also recognize that states have an especially difficult administrative problem in determining the residency of college students coming from out of state, for many (and sometimes all) of the local contacts they establish are fully as consistent with an intent to leave upon conclusion of the course of study as with an intent to remain indefinitely.[7] It appears that the twelve month rule is administered as a conclusive presumption that students leaving for other states over vacation periods and term breaks

---

*Secondary indicia*

(1) Membership in voluntary organizations in Hawaii.

(2) Licensing from the State of Hawaii for professional practice.

(3) Carrying on of a business or the holding of a position in Hawaii.

(4) Ownership of residential property or continuous letting of an apartment on a lease basis in Hawaii.

4. Testimony of Alfred Lynn Ellingston, Dean of Students, University of Hawaii, Manoa Campus, Transcript of hearing of January 4, 1973, 44–50.

5. Tuition losses would be quite substantial if a state were prohibited from charging an out-of-state differential. The National Assn. of State Universities & Land Grant Colleges has estimated the following losses at representative institutions:

| | |
|---|---|
| University of California | $12,567,000 |
| University of Colorado | 9,928,440 |
| University of Illinois | 4,003,458 |
| Indiana University | 6,625,920 |
| University of Michigan | 11,730,864 |
| University of Minnesota | 5,655,744 |
| University of Missouri | 6,814,440 |
| University of North Carolina at Chapel Hill | 4,141,975 |
| Ohio State University | 6,399,750 |
| University of Texas System | 6,107,832 |
| University of Vermont | 3,610,500 |
| University of Wisconsin (five campuses) | 15,715,590 |

Business Week, Oct. 14, 1972, at 29.

---

6. *Accord* Landwehr v. Regents of University of Colorado, 156 Colo. 1, 396 P.2d 451 (1964); Clarke v. Redeker, 259 F.Supp. 117 (S.D.Iowa 1966). *But see* Glusman v. Trustees of University of North Carolina, 281 N.C. 629, 190 S.E.2d 213, 222 (1972) (dissenting opinion Higgins, J.).

7. Rules and Regulations, Section III, "*Residence*"—*General Definition* provides:

The term "residence", used in these rules and regulations is synonymous with the common-law term "domicile." "Residence" or "resident status" is a combination of physical presence in a place and the intent to make such place one's permanent home.

are not bona fide residents.[8] This seems to be a rational administrative convenience.[9]

In Starns v. Malkerson, 326 F.Supp. 234 (D.1970), a three-judge court in Minnesota held that a state university regulation that no student is eligible for residence classification in the university for tuition purposes unless he has been a bona fide domiciliary of the state for at least one year, was neither arbitrary nor unreasonable, served a legitimate state interest, and did not violate the equal protection clause of the Fourteenth Amendment. This decision was summarily affirmed by the Supreme Court at 401 U.S. 985, 91 S.Ct. 1231, 28 L.Ed. 2d 527 (1971).

Notwithstanding this decision, the issues raised by plaintiffs were considered sufficiently substantial to convene a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284. There were at first two classes of plaintiffs, which I determined by order of March 9, 1973, as (1) the class consisting of persons whose twelve months residence was made up in whole or in part by periods of time when they were emancipated minors whose parents or guardians were not Hawaii residents, and (2) the class consisting of bona fide adult Hawaii residents who had been in Hawaii for less than twelve months.

■ The first class was complicated by a change in the age of majority in Hawaii from 20 to 18 effective March 28, 1972.[10] By March 28, 1973, the problem with respect to persons 18 and 19 years old who had been prevented from accumulating time toward resident status due to their minority had become moot. Furthermore, after a hearing on January 4, 1973, Judge Pence ruled that the recognition by the university of the doctrine of emancipation for purposes of establishing residency only in the event of marriage was irrationally and arbitrarily narrow.[11] He found that plaintiffs Hasse, Siegel, Stanley, and Jackson had been emancipated minors and bona fide residents of Hawaii for more than twelve months and entered a temporary restraining order requiring the university to accord them resident status. I adopt and reaffirm his preliminary findings of fact and conclusions of law in this regard. It is my understanding that the university has revised its stand on emanicipation to recognize the broader right of a minor to establish a residency separate from that of his parents or guardian. There is, therefore, nothing left to decide with respect to the first class.

On June 11, 1973, the Supreme Court decided Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63. The actual holding of the case was to strike down a Connecticut statute which denies a university student the opportunity to be labeled a bona fide resident entitled to in-state tuition rates, on the basis of a

8. The Rules and Regulations, Section VIII, provide: The following rules of construction shall be applied in all cases:
   A. Residence in Hawaii and residence in another place cannot be held simultaneously.
   B. Presence in Hawaii primarily to attend an institution of higher learning does not create resident status.
   C. A nonresident student shall be presumed to be in Hawaii primarily to attend an institution of higher learning. Continued presence in Hawaii during vacation periods and occasional periods of interruption of the course of study does not of itself overcome this presumption.
   D. Resident status, once acquired, will be lost by future voluntary actions of the resident inconsistent with such status.

However, Hawaii residence will not be lost solely because of absence from the State while employed in the service of the United States, while engaged in navigation, or while a student at any institution of learning.

9. If the twelve month rule is not administered so as to focus on continued presence during vacations and term breaks, it would appear to serve no purpose at all as an indicium of residency intent. The fact that a student is present within the state while classes are ongoing is in itself no evidence whatsoever of residency bona fides.

10. H.R.S. § 577–1 (Supp. 1972).

11. Compare, Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972).

permanent and irrebuttable presumption that if he enters the state university system as a nonresident he continues as a nonresident unless his schooling is interrupted for the one year length of time necessary to qualify as a resident. However, in the course of the several opinions that accompanied the court's decision, the holding in Starns v. Malkerson, *supra,* was specifically reaffirmed.

The Minnesota regulation at issue in *Starns* is indistinguishable from the Hawaii regulation at issue here. Accordingly, this case was remanded to me by the three-judge court for decision as a matter no longer involving a substantial issue of constitutional law.

It follows that the regulations of the University of Hawaii in question as applied to persons defined by Class 2 is neither arbitrary nor unreasonable, serves a legitimate state interest, and does not violate the equal protection clause of the Fourteenth Amendment.

The injunction prayed for will be denied.

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52.