Charles R. **KUHN**, Steven R. **Lewis**, on behalf of themselves and as representatives of a class, Plaintiffs,

v.

John **VERGIELS**, Dr. Patricia Geuder, and Dr. Page, Defendants.

No. CIV–R–82–175–ECR.

United States District Court, D. Nevada.

Nov. 8, 1982.

---

Petty & Petty, Reno, Nev., for plaintiffs.

Richard H. Bryan, Atty. Gen., Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiffs Charles R. Kuhn and Steven R. Lewis have moved for a preliminary injunction pursuant to Rule 65 of the Fed.R.Civ.P. to enjoin the defendants from enforcement of the five-year durational residence requirement of NRS 397.060. The motion is predicated upon the Equal Protection Clause, Due Process Clause and the Privileges and Immunities Clause of the Fourteenth Amendment to the United States Constitution.

The Western Interstate Commission on Higher Education (WICHE) was created by compact between several western states in order to establish a grant program to assist qualified residents of the participating states in obtaining out-of-state professional training not available in their home states. In Nevada WICHE is funded by legislative appropriation. NRS 397.050. A total of twelve states participate in WICHE, all but one of which imposes durational residency requirements of one or more years in order to qualify for benefits in the WICHE scholarship program.

In 1981 the Nevada legislature increased the residency requirement for individuals who may apply for WICHE funds from six months to five years. NRS 397.060(1). Three commissioners are appointed by the Governor of Nevada who, in turn, certify qualified individuals to participate in the WICHE program. An individual certified to participate in the program has his or her name submitted by WICHE to a particular professional school for admission. The actual admission decision, however, is left to the specific schools.

Plaintiff Kuhn has been a resident of Nevada for approximately two years while plaintiff Lewis has resided here for approximately four years. Both plaintiffs submitted applications to the defendant Nevada WICHE commissioners on October 15, 1982, in order to obtain certification through the WICHE program for assistance and hopefully admission to the professional School of Veterinary Medicine at either Colorado State University or Ohio State University. Of course, certification through the WICHE program is not a prerequisite to admission to either of these schools. Testimony taken at the hearing on the instant motion, however, does indicate that an individual's chances of being admitted to a particular out-of-state professional school is enhanced significantly by the fact that such applicant has been certified for WICHE assistance.

In any event, applications of both plaintiffs to WICHE were rejected last year for failure to meet the five-year durational residency requirement of NRS 397.060. It appears that the currently pending applications of the plaintiffs will be again rejected this year on the same basis. The Nevada WICHE commissioners will be meeting during the latter part of November, 1982, in order to select the names of the applicants to be certified as eligible for support funds from the WICHE program and therefore submitted for consideration for admission to available graduate school professional programs. Once a student is admitted to a graduate school program through WICHE, he receives financial assistance, which ranges from $3,500 to $14,000 per year, and continues through the duration of the program.

In addition to consideration of the stated residency requirement, the determination made by the WICHE commissioners as to which applicants should be certified for participation in the program is based primarily upon the objective criteria of undergraduate grades and relevant test scores, such as the GRE, LSAT or VAT. It should be noted that in Nevada participants in the WICHE program who do not return to the state following completion of graduate school are required to repay all funds obtained through the program.

The legal standards governing the issuance of a preliminary injunction in the Ninth Circuit are quite clear. "The moving party may meet its burden by demonstrating either 'a combination of probable success on the merits and the possibility of irreparable injury' or 'that serious questions are raised and the balance of hardships tips sharply in its favor.' " *Sports Form, Inc. v. United Press International, Inc.,* 686 F.2d 750, 753 (9th Cir.1982). "The irreducible minimum has been described by one court as a fair chance of success on the merits, ... while another has said the questions must be serious enough to require litigation.... The difference between the two is insignificant." *Benda v. Grand Lodge of International Association,* 584 F.2d 308, 315 (9th Cir.1978).

There does appear to be at least a possibility of irreparable injury to plaintiffs presented in this case should defendants not be enjoined from enforcing the five-year durational residence requirement of NRS 397.060. This is because the chances of either plaintiff being able to attend veterinary school would be significantly enhanced if he is certified as eligible to participate in the WICHE student exchange program. It is also possible that neither plaintiff will have a chance of attending veterinary school unless certified by WICHE. Based on the following the Court also finds that at this early stage the plaintiffs have made a showing of probable success on the merits as well.

## 1. *Equal Protection.*

■ The plaintiffs rely heavily on the "right to travel" line of cases beginning with *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) and thus contend that the legislative classification in NRS 397.060 is subject to the strict scrutiny test. In this context the strict scrutiny test would render legislation unconstitutional where the right to travel is penalized by infringing upon a right deemed fundamental unless it is shown to be necessary to promote a compelling governmental interest. *Id.* 394 U.S. at 634, 89 S.Ct. at 1331. "The right to travel is a fundamental right, and it has been recognized that durational residency requirements—because they disadvantage a class of persons who have recently exercised the right to travel—may, in certain circumstances, unduly infringe upon this right." *Hawaii Boating Association v. Water Transportation Facilities Division,* 651 F.2d 661, 664 (9th Cir.1981).

In determining whether the right to travel has been sufficiently penalized so as to trigger the application of the strict scrutiny test it is necessary to examine the "nature of the benefit denied." *Fisher v. Reiser,* 610 F.2d 629, 635 (9th Cir.1979). Before the strict scrutiny test will apply it is necessary that some right which is deemed "fundamental" be infringed. The defendants here rely upon the line of cases which hold that the imposition of durational residency requirements for purposes of imposing higher tuition rates on students attending state institutions of higher education does not impose a penalty on the right to travel which justifies invoking strict scrutiny. *Sturgis v. Washington,* 414 U.S. 1057, 94 S.Ct. 563, 38 L.Ed.2d 464 *aff'g mem.* 368 F.Supp. 38 (W.D.Wash.1973); *Montgomery v. Douglas,* 388 F.Supp. 1139 (D.Colo.1974); *Hasse v. Board of Regents of the University of Hawaii,* 363 F.Supp. 677 (D.Haw.1973).

■ The analogous authority presented by defendants is persuasive. As stated in *Sturgis v. State of Washington, supra,* 368 F.Supp. at 41 "... it cannot rightfully be said that a person without a higher education is a person without the basic necessities of life." The denial of the plaintiffs' applications to participate in a state administered program, providing financial assistance toward pursuit of a professional education, for failure to comply with the five-year durational residence requirement is a matter which does not merit review under the strict scrutiny test. Rather, traditional equal protection analysis applies. This calls for application of what is known as the rational basis test. *See San Antonio School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). That is, the "... law will survive that scrutiny if the distinction it makes rationally furthers a legitimate state purpose." *Zobel v. Williams,* 457 U.S. 55, 60, 102 S.Ct. 2309, 2313, 72 L.Ed.2d 672 (1982).

The purpose for the five-year durational residency requirement of NRS 397.060 attributed by the defendants and supported by discussions before the legislative committee prior to the amendment of NRS 397.060 in 1981 is to obtain a greater assurance that students obtaining WICHE benefits in Nevada will return to the state with their professional expertise upon completion of graduate school. Since WICHE funds are supplied by legislative appropriation the state clearly has a legitimate interest in taking reasonable steps to insure that such benefits are dispensed only to those individuals who intend to return and practice their newly acquired professional skills within the State of Nevada.

■ As the record now stands, however, there is a substantial possibility of plaintiffs ultimately succeeding on the merits in this action. The five-year durational residency requirement of NRS 397.060 does not appear to be rationally related to the state objective of seeking to supply scholarships only to individuals who intend to return to Nevada following completion of their graduate studies. Although evidence may ultimately be presented to the contrary, on its face five years appears to be a wholly unreasonable and arbitrary period of time in this context. Such a requirement does not fairly treat those individuals who intend to remain Nevada residents but who have not

lived in the State a total of five years at the time they seek to apply to professional school.

2. *Privileges and Immunities.*

In their complaint and again in the instant motion for preliminary injunction plaintiffs refer to the "Privileges and Immunities Clause of the Fourteenth Amendment." In light of the authorities cited by plaintiffs and because the scope of the Fourteenth Amendment's Privileges and Immunities Clause has been severely limited by judicial construction, the Court assumes that plaintiffs intend instead to rely upon the Privileges and Immunities Clause of Article IV, § 2, to the United States Constitution.

 The Privileges and Immunities Clause of Article IV only precludes residency distinctions which concern interests or rights which are deemed "fundamental" or essential or basic to the maintenance of the Union. *Baldwin v. Fish & Game Commission of Montana,* 436 U.S. 371, 388, 98 S.Ct. 1852, 1863, 56 L.Ed.2d 354 (1978). The ability to participate in a grant program such as WICHE does not appear to involve or concern a right which is "fundamental." Based on the foregoing, the Court does not find it necessary or appropriate to discuss plaintiffs' argument based on the Due Process Clause.

IT IS HEREBY ORDERED that plaintiffs' motion for preliminary injunction is GRANTED.