Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 Popular Name
TAX ON CERTAIN FOOD ITEMS USED FOR PURPOSE OF SCHOLARSHIPS
 Ballot Title AMENDMENT TO PROVIDE FOR THE SEPARATE ACCOUNTING OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEFINED AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION TO THOSE EXCLUSIONS HEREIN STATED; TO PROVIDE THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEFINED AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION TO THOSE EXCLUSIONS HEREIN STATED SHALL BE DEPOSITED IN A WHOLLY [SIC] SEPARATE TRUST ACCOUNT FOR THE PURPOSE OF ADMINISTRATION, INVESTMENT AND ACCOUNTING; TO PROVIDE THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEFINED AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION TO THOSE EXCLUSIONS HEREIN STATED DEPOSITED IN THE TRUST ACCOUNT SHALL BE INVESTED IN INTEREST EARNING MUNICIPAL, COUNTY, STATE AND FEDERAL BONDS, INTEREST EARNING CERTIFICATES OF DEPOSIT AND FEDERALLY INSURED INTEREST EARNING ACCOUNTS; TO PROVIDE FIFTY PERCENT OF THE EARNED INTEREST FROM THE TRUST ACCOUNT SHALL BE INVESTED IN INTEREST EARNING MUNICIPAL, COUNTY, STATE AND FEDERAL BONDS, INTEREST EARNING CERTIFICATES OF DEPOSIT AND FEDERALLY INSURED INTEREST EARNING ACCOUNTS; TO PROVIDE FIFTY PERCENT OF THE EARNED INTEREST FROM THE TRUST ACCOUNT SHALL BE DISPERSED FOR TUITION PAYMENT TO STATE ACCREDITED UNIVERSITIES AND COLLEGES WITHIN THE STATE FOR QUALIFIED PERSONS; TO PROVIDE ANY EARNED INTEREST FROM THE TRUST ACCOUNT NOT DISPERSED FOR TUITION PAYMENT SHALL BE INVESTED IN INTEREST EARNING MUNICIPAL, COUNTY, STATE AND FEDERAL BONDS, INTEREST EARNING CERTIFICATES OF DEPOSIT AND FEDERALLY INSURED INTEREST EARNING ACCOUNTS; TO PROVIDE THE STATE SHALL ASSUME FINANCIAL RESPONSIBILITY FOR ANY AND ALL ADMINISTRATIVE COSTS OF THE TRUST ACCOUNT; TO PROVIDE PERSONS BORN WITHIN THE STATE OF ARKANSAS SHALL HAVE TUITION PAYMENT PRIORITY TO STATE ACCREDITED UNIVERSITIES AND COLLEGES WITHIN THE STATE; TO PROVIDE ANYONE HAVING RESIDED IN THE STATE OF ARKANSAS FOR NOT LESS THAN FIVE YEARS SHALL BE ELIGIBLE FOR TUITION PAYMENT TO STATE ACCREDITED UNIVERSITIES AND COLLEGES WITHIN THE STATE; TO PROVIDE OTHER QUALIFICATIONS FOR TUITION PAYMENTS FOR PERSONS TO STATE ACCREDITED UNIVERSITIES AND COLLEGES WITHIN THE STATE SHALL BE MADE BY AN AFFIRMATIVE VOTE OF THE MAJORITY OF BOTH HOUSES OF THE GENERAL ASSEMBLY; TO PROVIDE OTHER QUALIFICATIONS FOR STATE ACCREDITED UNIVERSITIES AND COLLEGES WITHIN THE STATE SHALL BE MADE BY AN AFFIRMATIVE VOTE OF THE MAJORITY OF BOTH HOUSES OF THE GENERAL ASSEMBLY TO RECEIVE PAYMENT OF TUITION FROM THE TRUST ACCOUNT FOR QUALIFIED PERSONS; TO PROVIDE THIS AMENDMENT SHALL NOT AFFECT THE "ARKANSAS SOFT DRINK TAX ACT"; TO PROVIDE THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON ITEMS INCLUDED IN THE "ARKANSAS SOFT DRINK TAX ACT"; TO PROVIDE THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON ANY ITEMS HEREAFTER EXCLUDED FROM THE "ARKANSAS SOFT DRINK TAX ACT" SHALL BE DEPOSITED IN THE TRUST ACCOUNT OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS DEFINED AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION TO THOSE EXCLUSIONS HEREIN STATED FOR THE PURPOSE OF ADMINISTRATION, INVESTMENT AND ACCOUNTING; TO PROVIDE THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ANY PREPARED RESTAURANT FOODS, PREPARED AND SERVED BY A RESTAURANT, OR OTHER BUSINESSES SIMILAR TO RESTAURANTS SERVING PREPARED FOODS AUTHORIZED, AND DEFINED AS A RESTAURANT, OR SIMILAR BUSINESS IN A.C.A. SECTION 26-75-601 THROUGH -618 AND A.C.A. SECTION 26-75-701; TO PROVIDE THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ANY ALCOHOLIC BEVERAGE TO INCLUDE BEER, WINE, LIQUEURS, CHAMPAGNE AND ALL OTHER INTOXICATING BEVERAGES CONTAINING ALCOHOL FROM THIS AMENDMENT; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to a number of ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107 (b).
Although the list below is not necessarily exhaustive, I refer to the following ambiguities:
 1. As an initial matter, Sections 1 and 2 of your proposed amendment each begin with the phrase "[w]ithin sixty (60) days upon passage of this amendment. . . ." This language is ambiguous. The use of the word "upon" and the indefinite deadline cause ambiguity. Presumably the time period stated refers to a period running sixty days from the date of approval of the amendment by the electorate. The phrase states that the action required by Sections 1 and 2 shall occur" within" this period. An ambiguity arises as to when, within this sixty-day period, the actions listed in Sections 1 and 2 "shall" occur. The language of these Sections is mandatory. This ambiguity is complicated by the fact that your amendment is self-executing.
 2. Section 2 of your amendment creates a separate "trust account" for the purpose of administering the funds at issue. Although your amendment purports to be self-executing, it does not specify whether this is a trust fund within the state treasury, or who is to have custody or power of administration over the fund.
 3. Section 3 of your proposed amendment provides for the investment of moneys in the trust fund. It also requires a portion of the funds to be "dispersed" for tuition payments to "state-accredited" universities and colleges. Although your amendment purports to be self-executing, this section does not state what entity is to disburse the funds. In addition, to my knowledge, state universities and colleges in Arkansas are not "state-accredited." The are accredited, in many instances, by various nonprofit organizations. An ambiguity exists, therefore, as to which universities and colleges your amendment applies.
 4. Section 6 of your amendment sets out the eligibility of persons to receive tuition payments from the trust fund. It gives anyone born in the State of Arkansas priority for tuition payments. It also renders eligible only persons who have resided in the State of Arkansas for not less than five years. Ambiguities arise as to the enforceability, on constitutional grounds, of these provisions. Cf. Kuhn v. Vergielis, 558 F. Supp. 24 (D. Nev. 1982) (five-year durational residency requirement for financial assistance to obtain professional education was not rationally related to legislative objective of retaining professionals within the state).
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:cyh