508 P.2d 796 (1973)
Charles H. ROCKEY, Plaintiff-Appellant,
v.
SCHOOL DISTRICT # 11, IN EL PASO COUNTY, Defendant-Appellee.
No. 72-161.
Colorado Court of Appeals, Div. I.
April 10, 1973.
Hobbs & Waldbaum, Larry F. Hobbs, Stan M. Connally, Denver, for plaintiff-appellant.
Horn, Anderson & Johnson, Robert E. Anderson, Colorado Springs, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
This is an appeal from a judgment of the District Court of El Paso County granting defendant's motion to dismiss plaintiff's complaint and holding that a portion of a collective bargaining agreement between District No. 11 and the Colorado Springs Teachers Association was an illegal delegation of power.
Defendant school district on June 1, 1970, entered into a collective bargaining agreement with the Colorado Springs Teachers Association, which in pertinent part, Article 13-1-1, reads as follows:
"When filling vacancies or staffing new schools, currently employed teachers shall be given priority when considering candidates in filling these assignments. Experience, length of service, qualifications and special programs of schools involved *797 shall be the salient factors in filling such vacancies. Other factors including staff balance in the schools involved shall be considered."
When plaintiff's request for a transfer to a new high school was not given priority, he filed a complaint seeking a mandatory and permanent injunction against the school district requiring it to declare the position in the art department of the high school vacant and to direct the board to fill the position in accordance with the requirement set forth in the collective bargaining agreement. He alleged that during the 1970-71 school year a vacancy occurred in the art department of a new high school in the school district and that at the time plaintiff, who was employed as an art teacher in a junior high school in the district, applied for a transfer to fill this vacancy. Plaintiff did not receive the assignment, and the position was filled by a teacher who had not been previously employed by the school district, who had no prior teaching experience, and whose qualifications and experience were no greater than plaintiff's. He further alleged that his length of service, qualifications, and experience were not considered by the board and that his application to fill the vacancy was not given priority over that of a teacher who had not been previously employed in the district.
Defendant district, in response to the complaint, filed a motion to dismiss for failure to state a claim for relief. The court granted the motion to dismiss, holding that the propriety of delegation of powers by the board via contract with the Teachers Association was at issue, and holding that that delegation was illegal and unenforceable. We disagree and reverse.
The issue before this court is whether this provision of the collective bargaining agreement constitutes an unlawful delegation of authority by the district.
1965 Perm.Supp., C.R.S.1963, 123-30-9, provides, in part, that:
"(1) In addition to any other duty required to be performed by law, each board of education shall have and perform the following specific duties:
. . . . . .
"(7) To employ all personnel required to maintain the operations and carry out the educational program of the district, and to fix and order paid their compensation."
While the school district, a corporate body, cannot enter into a collective bargaining agreement whereby it delegates its responsibility and discretion in employing personnel, the fact that the board entered into a collective bargaining agreement relating to the employment of teachers does not mean per se that it has delegated its authority or decision-making power. See Fellows v. La Tronica, 151 Colo. 300, 377 P.2d 547.
By statute the board is authorized to adopt policies relating to the employees. 1965 Perm.Supp., C.R.S.1963, XXX-XX-XX, reads, in pertinent part, as follows:
"(1) In addition to any other power granted to a board of education of a school district by law, each board of education of a school district shall have the following specific powers, to be exercised in its judgment:
. . . . . .
"(12) To adopt written policies, rules and regulations, not inconsistent with law, which may relate to the efficiency, in-service training, professional growth, safety, official conduct and welfare of the employees, or any classification thereof, of the district. . . ."
The language of the collective bargaining agreement which provides that the district give prior consideration to currently employed teachers within the district is, in effect, a statement of policy to be followed by the board when filling vacancies or staffing new schools. The collective bargaining agreement with the Colorado Springs Teachers Association, which inures to the benefit of plaintiff, is an agreement by the district to honor a course of conduct as set forth in the agreement. Since the board is not bound or obligated *798 by the terms of the agreement to fill vacancies or new positions solely from teachers currently employed by the district, it did not surrender or delegate its authority or decision-making power to the Teachers Association. It only agreed to follow a policy of giving priority to teachers employed in the district applying for openings within the district. Accordingly, plaintiff's complaint stated a claim for relief.
Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.
ENOCH and SMITH, JJ., concur.