William R. Murray, J.
This application, brought on by order to show cause issued by the undersigned on February 21, 1975, requests an order authorizing the City Clerk of the *324 City of Troy, New York, to issue a marriage license to petitioners.
The petition and attached exhibits indicate that petitioner, Frank N. Bagnardi is the adoptive father of Lleuwana J. Bagnardi, she having been adopted by Frank N. Bagnardi and his then wife, Margaret H. Bagnardi in August, 1966. Frank N. Bagnardi and Margaret H. Bagnardi were divorced by a decree of Albany County Supreme Court in October, 1973, still in force.
The factual situation appears to be one of first impression, as research reveals no reported case in New York, either directly in point or remotely related. Resort must be had, therefore, to the relevant statutory enactments to ascertain if a legal impediment exists.
Section 5 of the Domestic Relations Law, entitled "Incestuous and void marriages”, states, in part, that:
"A marriage is incestuous and void whether the relatives are legitimate or illegitimate between either:
"1. An ancestor and a descendant;
"2. A brother and sister of either the whole or the half blood;
"3. An uncle and niece or an aunt and nephew”.
Section 255.25 of the Penal Law, relating to incest, states that "A person is guilty of incest when he marries or engages in sexual intercourse with a person he knows to be related to him, either legitimately or illegitimately, as an ancestor, descendant, brother or sister of either the whole or the half blood, uncle, aunt, nephew or niece.” It is apparent, from a reading of these two sections, that it must be determined as to whether or not the adopted person is, for the purpose of marriage, a descendant of the adoptive father.
Ballantine’s Law Dictionary (3rd ed) defines descendant as "an individual proceeding from an ancestor in any degree; a child, a grandchild, a great grandchild, anyone, near or remote, in the line from the ancestor.” The line referred to can only mean the "lineage” or "lineal consanguinity” which subsists between such persons, and necessarily implies a blood relationship.
Matter of Enderle Marriage License (1 Pa D&C2d 114) the court directed a marriage license to be issued to a couple who were not related by blood, but who were first cousins by adoption, holding that the prohibition against marriage of first *325 cousins in the Marriage Law is contained only in the list referring to degrees of consanguinity and that the legislative intent was to prohibit marriages of first cousins by blood and not those whose relationships is based on adoption.
In State v Lee (196 Miss 311, 17 So 2d 277), an appeal from a criminal conviction of incest, the question was whether an adopted daughter is a daughter within the incest statute forbidding sexual relations between persons within the degrees within which marriages are declared to be incestuous and void. The court held an adopted child was not a daughter within the statute, citing People v Kaiser (119 Cal 456), defining "daughter” as an immediate female descendant, and not an adopted daughter, a stepdaughter or a daughter-in-law.
In opposition to the application, the court has been referred to EPTL 1-2.10, wherein, in paragraph (2) of subdivision (a) it is stated that "The terms 'issue’ and 'descendants,’ in subparagraph [par] (1), include adopted children.” However, such provision applies, as is stated in EPTL 1-1.5, to "the estates, and to instruments making dispositions or appointments thereof, of persons” and is not applicable to the instant situation.
From all of the above, the court is of opinion that no legal impediment exists to the proposed marriage and the application is granted.