## No. 27206

**Hal Shroyer and A. C. Hamilton v. William Sokol, Adams County Clerk and Recorder — Allan McKnight, Adams County Treasurer**

(550 P.2d 309)

Decided May 27, 1976.

Marvin Dansky, P.C., for plaintiffs-appellees.

S. Morris Lubow, County Attorney, Larry W. Berkowitz, Assistant, Michael F. Swanson, Assistant, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal is from a ruling of the district court that certain statutory provisions regarding requirements for recall petitions of county officers are repugnant to the constitution of this state. We affirm.

The following facts were presented by stipulation to the trial court: Plaintiff-appellee, Hal Shroyer, filed petitions for the recall of Allan McKnight, Adams County Treasurer, in the office of the Adams County Clerk and Recorder (Sokol, the appellant). Sokol thereafter ruled that the petitions were deficient in that they did not contain signatures of 40 percent of the votes cast for the office of county treasurer in the preceding election. The number of signatures on the petitions was less than that percentage but more than 25 percent of the entire vote cast for the office. Also, the number of signatures of *registered* electors was less than the 25 percent figure. The rejection of the petitions was predicated on section 30-10-202, C.R.S. 1973 (1975 Supp.), which provides:

"The procedure to effect the recall of an elective county officer shall be as follows: A petition signed by *registered electors* entitled to vote on the recall question equal in number to *forty percent* of the entire vote cast at the last preceding election for all candidates for the position which the incumbent sought to be recalled occupies and demanding a recall election

shall be filed in the office in which petitions for nomination to office held by the incumbent sought to be recalled are required to be filed. . . ." (Emphasis added.)

Protests to the petitions were filed with Sokol, who refused to hold a hearing to consider them in light of his determination that the petitions themselves did not contain the requisite number of signatures.

Shroyer, together with A. C. Hamilton, an additional plaintiff-appellee, filed an action in district court seeking a ruling that both the 40 percent and the registered voter requirements are unconstitutional. Appellees also sought an order mandating Sokol to effectuate the recall procedure. The district court granted the requested relief, holding that both the 40 percent and registered electors requirement in the statute are repugnant to the state constitution.

The constitutional provision involved in this appeal is, in pertinent part, as follows:

"The recall may also be exercised by the electors of each county, city and county, city and town of the state, with reference to the elective officers thereof, under such *procedure* as shall be provided by law.

"Until otherwise provided by law, the legislative body of any such county, city and county, city and town may provide for *the manner of exercising such recall powers* in such counties, cities and counties, cities and towns, *but shall not require any such recall to be signed by electors more in number than twenty-five percent* of the entire vote cast at the last preceding election, as in section 1 hereof more particularly set forth, for all the candidates for office which the incumbent sought to be recalled occupies, as herein above defined.

. . . .

"*This article is self-executing, but legislation may be enacted to facilitate its operations, but in no way limiting or restricting the provisions of this article, or the powers herein reserved.*" (Emphasis added.) *Colo. Const.* Art. XXI, Sec. 4.

■ Appellant contends that the 25 percent limitation expressed in the constitution would only apply to local recall ordinances (in the event that state legislation had not preempted the field). It is argued that the 25 percent limitation is not applicable to statutory enactments (*i.e.*, section 30-10-202). We reject this argument.

■ As we stated in *Bernzen v. City of Boulder*, 186 Colo. 81, 525 P.2d 416 (1974), the power of recall — like that of the initiative and referendum — is a fundamental right of citizens within a representative democracy. Neither the legislature nor local lawmaking bodies may infringe constitutionally protected fundamental rights. Reservation of the power of recall in the people must be liberally construed in favor of the ability to exercise it; conversely, limitations on the power of recall must be strictly construed. *DiManna v. Election Commission of the City and*

*County of Denver*, 187 Colo. 270, 530 P.2d 955 (1975); *see Brooks v. Zabka*, 168 Colo. 265, 450 P.2d 653 (1969).

■ Further, in *Bernzen, supra*, we held that while Art. XXI, Sec. 4, delegates the recall power to subordinate levels of state government, this delegation is limited to procedural matters and substantive provisions not in conflict with the state constitution. The 40 percent statutory requirement is a substantive provision in conflict with the constitution and accordingly must fall. *Bernzen, supra.*

Moreover, this court has expressly held that an attempt to restrict the recall petition powers of the people to *registered* voters is constitutionally impermissible. *Valdez v. Election Commission of the City and County of Denver*, 184 Colo. 384, 521 P.2d 165 (1974); *see Francis v. Rogers*, 182 Colo. 430, 514 P.2d 311 (1973), and *Colorado Project-Common Cause v. Anderson*, 178 Colo. 1, 495 P.2d 220 (1972).

■ Appellant's contention that the 40 percent and the registered voter requirements of section 30-10-202 are not severable from the rest of the statute is likewise devoid of merit.

■ When portions of a statute are held unconstitutional, the remaining provisions will remain valid if they are complete in themselves and are not dependent on the invalid parts. *Covell v. Douglas*, 179 Colo. 443, 501 P.2d 1047 (1972), and section 2-4-204, C.R.S. 1973. Such is the case here. Furthermore, both the 25 percent limitation and the electors (not necessarily registered) requirement set forth in Art. XXI, Sec. 4 can be incorporated by implication into section 30-10-202. *See Bernzen, supra.* Accordingly, the statute can be given legal effect.

Judgment affirmed, and the stay heretofore granted is vacated.

MR. CHIEF JUSTICE PRINGLE does not participate.