### No. 27227

**City of Aurora, Colorado, a municipal corporation v. Aurora Firefighters' Protective Association, a non-profit Colorado Corporation; Samuel J. Dilley, President, Aurora Firefighters' Protective Association; J. Richard McGovern, Vice-President, Aurora Firefighters' Protection Association; and Clifford E. Kenney, Treasurer, Aurora Firefighters' Protective Association; Frank T. Bruner, Jr., Acting Fire Chief of the City of Aurora, Colorado; Samuel J. Dilley, Melvin W. Morley, and J. Richard McGovern, individually and as representatives of the class of all of the individuals signing petitions requesting an election to add a new Article XIV to the Charter of the City of Aurora, Colorado; and George B. Ackman, Joseph R. Conacci, Jr., and Eli H. Gehman, individually and as representatives of a class of members of the Aurora Fire Department who are not members of the Aurora Firefighters' Protective Association; and the State of Colorado**

(566 P.2d 1356)

Decided August 2, 1977.

Leland M. Coulter, Richard Kaufman, Louise L. Edmonds, for petitioner-appellee.

Douglas R. Phillips, for respondents-appellants, Aurora Firefighters' Protective Association.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Deborah L. Bianco, Assistant, for respondent-appellant, The State of Colorado.

Geer & Goodwin, for amicus curiae, Denver Firefighters Local 858.

Walter C. Brauer III, Mark N. Simons, Thomas B. Buescher, for amici curiae, Colorado Professional Fire Fighters, Denver Police Protective Association and Colorado Labor Council, AFL-CIO.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

There is here involved Article XIV of the Charter of the city of Aurora, a Home Rule city. Article XIV was adopted by a majority vote of the qualified electors of the city on November 5, 1974.[1] It grants to the members of the Aurora Fire Department the rights to bargain collectively and to have unresolved issues submitted to arbitration. Most of the arguments presented to the trial court and here have been resolved by *Greeley Police Union v. City Council of Greeley,* 191 Colo. 419, 553 P.2d 790, which was announced on August 23, 1976, after all but supplemental briefs had been filed here. As in *Greeley Police Union,* we affirm in part and reverse in part.

After the charter amendment was adopted, the city administration and the appellant Aurora Fire Fighters' Protective Association entered

---

[1]The question of constitutionality of Article XIV was before us in *Aurora v. Dilley,* 186 Colo. 222, 526 P.2d 657, announced on September 23, 1974. We there held that any decision as to constitutionality at that time was premature, and that these issues should have disposition only after the matters were submitted to the electorate and the amendment adopted.

into an agreement concerning wages, hours, working conditions and other incidents of employment of the members of the fire department for the year 1975. Early in 1975 the city and the respondent Association began negotiations as to the 1976 agreement and reached an impasse on the issues of wages and of modification of the educational incentive pay plan. The Association sought to proceed to arbitration. The city was unwilling to join them and brought the declaratory judgment action which became the subject of this appeal.

The district court ruled:

1. As a matter of statewide concern, binding arbitration is beyond the scope of Aurora's legislative power under *Colo. Const.* Art. XX, Sec. 6.

2. Labor relations are of statewide concern and, therefore, Article XIV is unconstitutional.

3. Submission by the city to arbitration constitutes an unlawful delegation of power.

4. The provisions of Article XIV are inseparable and, arbitration being void, the entire amendment is void.

## I.

*Greeley Police Union v. City Council of Greeley, supra*, is dispositive as to each of these rulings. It was there held:

A. Collective bargaining is a matter of both statewide and local concern. A city may legislate on such matters in the absence of conflicting statutory provisions. There is no state legislation concerning rights of public employees to engage in collective bargaining.

B. The charter amendment is not unconstitutional in providing for collective bargaining.

C. The provisions of the amendment providing for binding arbitration constitute an unconstitutional delegation of authority.

D. The provisions of the amendment are severable and the amendment is valid with the provisions for binding arbitration being excised therefrom.

We follow the ruling in *Greeley Police Union* and affirm in part and reverse in part here as was done there.

## II.

The appellants contend that the city's challenge to the charter provision was not timely commenced, and rely upon section 31-2-118, C.R.S. 1973 (The Municipal Home Rule Act of 1971), which provides:

"No proceeding contesting the adoption of a charter, charter amendment, or repeal thereof shall be brought unless commenced within forty-five days after the election adopting the measure."

We agree with the city's argument that this 45-day provision refers to the contest of a charter amendment which allegedly had been adopted with procedural defects; and that the courts are not thereby ousted of jurisdiction to subsequently determine the constitutionality of the substance of an amendment.

## III.

Following the decision in *Greeley Police Union*, the city filed a supplemental brief arguing that Article XIV is invalid for improperly establishing a one-man bargaining unit and for improperly including supervisory personnel in a bargaining unit along with rank and file personnel. While there were allegations to this effect in the city's amended petition for a declaratory judgment, we can find no mention by the city of these subjects until the supplemental brief was filed. There was no evidence in the case to support the allegations. It is apparent that the matter was not called to the attention of, nor considered by, the trial court. In such a posture, we decline to consider these issues. If the city wishes to press them, it must do so in another action.

The judgment is affirmed in part and reversed in part and remanded with directions to enter a decree consonant with the views expressed herein.

MR. CHIEF JUSTICE PRINGLE specially concurs.

MR. JUSTICE CARRIGAN concurs in part and dissents in part.

MR. JUSTICE ERICKSON does not participate.

MR. CHIEF JUSTICE PRINGLE specially concurring:

I do not agree that the provision relating to compulsory arbitration is unconstitutional, and I expressed my view in my dissent in *Greeley Police Union v. City Council of Greeley*, 191 Colo. 419, 553 P.2d 790. I must, however, recognize that the majority opinion in *Greeley Police Union* is dispositive and, therefore, concur in this majority opinion.

MR. JUSTICE CARRIGAN concurring in part and dissenting in part:

I respectfully concur in part and dissent in part.

Since I was not a member of this court when *Greeley Police Union v. City Council of Greeley*, 191 Colo. 419, 553 P.2d 790 (1976), was announced, I wish to record my disagreement with the holding of that case regarding binding arbitration.