## No. 27823

**Martin Richard Israel and Tammy Lee Bannon Israel v. Norman C. Allen, County Clerk and Recorder of Jefferson County**

(577 P.2d 762)

Decided April 24, 1978.

Tucker & South, William Tucker, for plaintiffs-appellees.

Patrick R. Mahan, Jefferson County Attorney, Cile Pace, Assistant, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a decision of the District Court of Jefferson County holding a provision of the Colorado Uniform Marriage Act[1] unconstitutional as violative of equal protection of the laws. We affirm.

Plaintiffs, Martin Richard Israel and Tammy Lee Bannon Israel, are brother and sister related by adoption and are not related by either the half or the whole blood.

Raymond Israel (the natural father of Martin Richard Israel) and Sylvia Bannon (the natural mother of Tammy Lee Bannon Israel) were married on November 3, 1972. At the time of their marriage, Martin was 18 years of age and was living in the State of Washington; Tammy was 13 years of age and was living with her mother in Denver, Colorado. Raymond Israel adopted Tammy on January 7, 1975.

Plaintiffs desire to be married in the State of Colorado. Defendant, Clerk and Recorder of Jefferson County, however, denied plaintiffs a license to marry based on section 14-2-110(1)(b), C.R.S. 1973:

"*Prohibited marriages.* (1) The following marriages are prohibited: . . . (b) A marriage between an ancestor and a descendant or between a brother and sister, whether the relationship is by the half or the whole blood or by adoption; . . ."

A complaint seeking declaratory relief was filed in the district court. The district court found that marriage is a fundamental right and that no

---

[1] Section 14-2-101, *et seq.,* C.R.S. 1973.

compelling state interest is furthered by prohibiting marriage between a brother and sister related only by adoption. Thus, the court held that that part of section 14-2-110(1)(b) which prohibited the marriage of a brother and sister by adoption was unconstitutional as a denial of equal protection and, therefore, severed from the statute the words "or by adoption."

## I.

At the outset, there is an issue as to whether or not marriage is a fundamental right in Colorado. *See Beeson v. Kiowa County School District,* 39 Colo. App. 174, 567 P.2d 801 (1977). If it is, defendant must show a compelling state interest in order to justify the unequal treatment of adopted brothers and sisters under the statute. Since we find, however, that the provision prohibiting marriage between adopted children fails even to satisfy minimum rationality requirements, we need not determine whether a fundamental right is infringed by this statute.

While the practice of adoption is an ancient one, the legal regulation of adoptive relationships in our society is strictly statutory in nature. The legislative intent in promulgating statutes concerning adoption was, in part, to make the law affecting adopted children in respect to equality of inheritance and parental duties *in pari materia* with that affecting natural children. It is clear, however, that adopted children are not engrafted upon their adoptive families for all purposes. *See, e.g.,* the criminal incest statute, section 18-6-301, C.R.S. 1973, which does not include sexual relationships between adopted brother and sister.

Nonetheless, defendant argues that this marriage prohibition provision furthers a legitimate state interest in family harmony. *See,* section 14-2-102(2)(a), C.R.S. 1973. We do not agree. As the instant case illustrates, it is just as likely that prohibiting marriage between brother and sister related by adoption will result in family discord.[2] While we are not, strictly speaking, dealing with an affinity based relationship in this case,[3] we find the following analysis equally applicable to the situation presently before us:

"According to the English law, relationship by affinity was an impediment to marriage to the same extent and in the same degree as consanguinity. While this principle, derived from the ecclesiastically administered canon law, still strongly persists in England, in the United Stated the statutory law governing the marriage relationship nowhere so sweepingly condemns the marriage of persons related only by affinity. . . . The objections that

---

[2] Plaintiff's parents filed affidavits indicating that they had no objection to the proposed marriage and, in fact, were in favor of the marriage. In addition, Bishop Evans of the Roman Catholic Archdiocese of Denver filed an affidavit stating that the Church had no objection to the proposed marriage.

[3] An affinity based relationship is that which one spouse because of marriage has to blood relatives of the other. *Black's Law Dictionary* (4th ed.).

exist against consanguineous marriages are not present where the relationship is merely by affinity. The physical detriment to the offspring of persons related by blood is totally absent. The natural repugnance of people toward marriages of blood relatives, that has resulted in well-nigh universal moral condemnation of such marriages, is quite generally lacking in application to the union of those related only by affinity. It is difficult to construct any very logical case for the prohibition of marriage on grounds of affinity. . ." 1 *Vernier, American Family Laws* 183.

We hold that it is just as illogical to prohibit marriage between adopted brother and sister.

## II.

■■■ Defendant next argues that the trial court erred in its holding that the provision of section 14-2-110(1)(b), C.R.S. 1973, in question here is severable from that portion of section 14-2-110(1)(b), C.R.S. 1973, prohibiting marriage between a brother and sister related by the half or whole blood. We disagree.

This court has consistently stated that:
"When portions of a statute are held unconstitutional, the remaining provisions will remain valid if they are complete in themselves and are not dependent on the invalid parts." *Shroyer v. Sokol,* 191 Colo. 32, 550 P.2d 309, 311 (1976).
The prohibition against marriage between a brother and sister related by the half or whole blood is complete in itself and in no way depends upon the stricken provision. Thus, the trial court did not err in holding that this statute was severable.

The judgment of the district court is affirmed.

MR. JUSTICE CARRIGAN does not participate.