Dr. Calvin M. Frazier Commissioner of Education Colorado Department of Education 201 East Colfax Denver, Colorado 80203
Dear Dr. Frazier:
By letter of May 16, 1978, you have inquired as follows concerning your authority, if any, to bargain collectively with an association of employees.
QUESTION PRESENTED AND CONCLUSION
Is the Commissioner of Education authorized to enter into a collective bargaining type agreement with an association of employees in respect to the determination of salaries, employment practices, and other conditions of employment?
 Colorado has neither constitutional nor statutory provisions regulating collective bargaining in the public sector.[1] Littleton Ed. Ass'n. v. Arapahoe Cty. Sch. Dist., 191 Colo. 411, 553 P.2d 793 (1976); Greeley Police Union v. City Council of Greeley, 191 Colo. 419, 553 P.2d 790 (1976); City of Aurora v. Aurora Firefighters Protective Association, 193 Colo. 437, 566 P.2d 1356 (1977). In the absence of such provisions, the Colorado Supreme Court has held that a public employer is permitted, but not required, to bargain collectively with its employees. Littleton, supra (school board employer); for analogous holdings in other cases see Greeley, supra
and Aurora, supra (city employers).
ANALYSIS
The Colorado School for the Deaf and Blind is an educational institution under the supervision, management, and control of the Colorado Department of Education under a type 2 transfer and allocated to the commissioner of education. C.R.S. 1973, 24-1-115(7), as amended. The Colorado Department of Education also includes the state board of education. C.R.S. 1973, 22-2-103. Among the powers and duties of the state board are the following: to exercise general supervision over all educational programs maintained and operated by state government for persons who have not completed the twelfth-grade level, C.R.S. 1973, 22-2-106(1)(a); "to employ personnel, subject to the provisions of section 13 of article XII of the state constitution, as may be necessary for the performance of powers and duties delegated to the state board, the commissioner, and the department," C.R.S. 1973, 22-2-107(1)(b); "to promulgate and adopt policies, rules and regulations concerning general supervision of . . . the department, and the educational programs maintained . . .," C.R.S. 1973, 22-2-107(1)(c); "to approve within the appropriation made by the general assembly a salary schedule for personnel of the department who are not within the state personnel system," C.R.S. 1973, 22-2-107(1)(d); and "to create, maintain, and modify, from time to time, such administrative organization for personnel of the department as may be deemed necessary or beneficial," C.R.S. 1973, 22-2-107(1)(e).
The commissioner of education has the duty to supervise, manage and control the Colorado School for the Deaf and Blind. C.R.S. 1973, 22-2-112(1)(m), as amended. Furthermore, the commissioner has ". . . charge of the general interests of . . ." the school and must ". . . pursuant to section 13 of article XII of the state constitution, appoint and fix the compensation of a superintendent and such other officers and employees as may be necessary." C.R.S. 1973, 22-80-105, as amended. The superintendent of the school "shall be the principal executive officer of the school . . .;" and ". . . under such regulations as he may prescribe, shall have charge of the premises, property and students." C.R.S. 1973, 22-80-106, as amended. Moreover, the superintendent, with approval of the commissioner, ". . . pursuant to section 13 of article XII of the state constitution, . . . shall appoint and fix the compensation of all other officers and employees in the school." C.R.S. 1973,22-80-106, as amended. The same statute further provides as follows:
 All such officers and employees, in the discharge of their duties, shall be wholly subordinate to the superintendent, and all orders to them shall come from or through him or by his authority. He shall see that all officers, agents, and employees of the school faithfully discharge their duties, and he shall be held directly responsible to the commissioner of education for the economy, efficiency, and success of the internal management.
The scope of authority granted to those charged with the administration of the school is substantially the same as that which has been held to empower collective bargaining in the above-cited cases, and it is therefore my opinion that such bargaining would be permissible in the case of the Colorado School for the Deaf and Blind.
However, while such bargaining is permissible, as indicated above, it is not required. Moreover, if undertaken, it must be conducted within the bounds of existing statutes concerning the governance of the school. Littleton, supra. Such statutes will determine which of those persons and entities responsible for the administration of the school should be involved in the bargaining process. In view of their somewhat overlapping powers and duties, the state board, the commissioner, and the superintendent all might have to participate in the bargaining process. The laws will also determine the permissible scope of such bargaining. For example, insofar as such statutory provisions require appointment of personnel through the State Personnel System, such provisions necessarily limit the extent to which bargaining would be available since the terms and conditions of employment for such employees are established by the statutes, rules and regulations of the State Personnel System. For non-State Personnel System employees, more bargaining latitude would exist, but to a degree as yet unascertained.[2] In any event, close scrutiny must be made of the issues involved in collective bargaining. Should the appropriate persons and entities determine that such bargaining is desirable, please contact this office further for assistance in resolving the specific issues which will thereby be presented.
SUMMARY
Collective bargaining is permissible at the Colorado School for the Deaf and Blind. Because of the overlapping powers and duties of the State Board of Education, Commissioner of Education, and superintendent of the school, all three may be required to participate in the bargaining process.
Very truly yours,
 J.D. MacFARLANE Attorney General
LABOR RELATIONS TEACHERS EDUCATION
C.R.S. 1973, 24-1-115
C.R.S. 1973, 22-2-101 et seq. C.R.S. 1973, 22-80-105
C.R.S. 1973, 22-80-106
EDUCATION, DEPT. OF Administration
Collective bargaining is permissible at the Colorado School for the Deaf and Blind. Because of the overlapping powers and duties of the State Board, commissioner and superintendent, all three may have to participate in the bargaining process.
[1] Legislative recognition of the authority of a state "agency or authority" to negotiate with employees or employee organizations is implicitly contained in C.R.S. 1973, 24-6-402(2.3)(e) permitting executive sessions of such bodies to consider "determining positions relative to matters that may be subject to negotiations with employees or employee organizations; developing strategy for and receiving reports on the progress of negotiations; and instructing negotiators."
[2] Binding arbitration of public sector collective bargaining disputes is, for example, not permissible in Colorado.Greeley, supra.