DENVER FIRE FIGHTERS LOCAL NO. 858, IAFF, AFL–CIO, Plaintiffs-Appellees,

v.

The CITY AND COUNTY OF DENVER; the Board of Councilmen of the City and County of Denver; the Honorable William H. McNichols, Jr., acting in his capacity as Mayor of the City and County of Denver; Edward F. Burke, Jr., Salvadore "Sam" Caprio, Cathy Donahue, Stephen Grogan, Paul A. Hentzel, Kenneth M. MacIntosh, James J. Nolan, Larry Perry, Cathy Reynolds, William R. Roberts, M. L. Sam Sandos, L. Don Wyman, in their capacities as members of the Board of Councilmen of the City and County of Denver and Elvin R. Caldwell, in his capacity as a member and President of the Board of Councilmen of the City and County of Denver, Defendants-Appellants.

No. 79CA1188.

Colorado Court of Appeals, Div. I.

Dec. 30, 1980.

Rehearing Denied Jan. 29, 1981.

Certiorari Granted May 26, 1981.

Brauer, Simons & Buescher, P.C., Mark N. Simons, Denver, for plaintiffs-appellees.

Max P. Zall, City Atty., Robert D. Dowler, Asst. City Atty., Damas & Smith, Stanislaw S. Damas, Denver, for defendants-appellants.

PIERCE, Judge.

The City and County of Denver (City) appeals the order of the trial court requir-

ing that a grievance filed by Michael D. McNeill as representative of plaintiffs Denver Fire Fighters be submitted to arbitration in compliance with the provisions of a collective bargaining agreement entered into by plaintiff and defendant. We affirm.

Pursuant to an amendment to the City Charter authorizing collective bargaining between plaintiffs and defendants, the parties ratified a contract entered into as the result of a collective bargaining agreement. The contract provided for a grievance procedure involving binding arbitration to resolve claims that the City had violated provisions of the agreement.

Michael D. McNeill, president of the Denver Fire Fighters, attempted to invoke this arbitration procedure, alleging that the City had violated certain sections of the agreement by discriminating against him because of his union activity. The City refused to submit to binding arbitration to resolve McNeill's grievance, contending that *Greeley Police Union v. City Council of Greeley*, 191 Colo. 419, 553 P.2d 790 (1976), invalidated the provisions of the contract providing for binding arbitration of unresolved labor disputes.

The sole issue to be determined on appeal is whether *Greeley* rendered all binding arbitration involving public officials and public employees unconstitutional.

*Greeley* held that a proposed charter amendment providing that the City of Greeley submit to binding arbitration disputes involving wages, rates of pay, hours, grievance procedure, working conditions, and all other conditions of employment was unconstitutional. The rationale was that a fundamental tenet of representative government is:

"The precept that officials engaged in governmental decision-making (e. g. setting budgets, salaries, and other terms and conditions of public employment), must be accountable to the citizens they represent. Binding arbitration removes these decisions from the aegis of elected representatives, placing them in the hands of an outside person who has no accountability to the public." *Greeley, supra.*

This constitutional mandate was reinforced in *City of Aurora v. Aurora Fire Fighters Protective Association*, 193 Colo. 437, 566 P.2d 1356 (1977), which also involved delegation of legislative decision-making authority.

It is the contention of defendants that the constitutional proscription against binding arbitration involving the type of legislative delegation of authority in *Greeley* and *Aurora* extends to the enforcement of contractual provisions respecting grievance arbitration in an existing collective bargaining agreement. We disagree.

Courts have consistently recognized a distinction between "interest" and "grievance" arbitration. Interest arbitration concerns arbitration to set the terms of a collective bargaining agreement, while grievance arbitration refers to resolution of grievances arising under an existing agreement to which the municipal entity is a party. *Local 1226 Rhinelander City Employees v. City of Rhinelander*, 35 Wis.2d 209, 151 N.W.2d 30 (1967). *See In re: Second Initiated Constitutional Amendment*, Colo., 613 P.2d 867 (1980).

*Dearborn Firefighters v. City of Dearborn*, 394 Mich. 229, 231 N.W.2d 226 (1975), recognized this distinction between the two types of arbitration, reasoning that while interest arbitration involves legislative decision-making, grievance arbitration invokes the labor arbitrator in a judicial capacity by interpreting the agreement in accordance with the understanding of the parties as gleaned from the contract. Therefore, the express concern in *Greeley* that the formation of an agreement should not be delegated to a third party by submitting labor disputes to arbitration is not violated where a particular grievance arising under the terms of an existing contract is resolved by an arbitrator acting in a judicial or quasi-judicial capacity. *Dearborn Fire Fighters v. City of Dearborn, supra.*

Where enforcement of particular terms of a consummated collective bargaining

agreement between a public employer and public employees does not involve the delegation of legislative authority prohibited in *Greeley*, the terms of the contract must be given effect. *See Rockey v. School District No. 11*, 32 Colo.App. 203, 508 P.2d 796 (1973).

Since the dispute here concerns an existing collective bargaining agreement provision requiring submission of grievances under the terms of that agreement to binding arbitration and does not involve the interest arbitration precluded by *Greeley*, the order of the trial court requiring submission of plaintiffs' grievance to arbitration is affirmed.

COYTE and RULAND, JJ., concur.