**STATE of Missouri, ex rel. Earl MIESNER and Pam Miesner, Respondents,**

**v.**

**Mary Ann GEILE, Circuit Clerk and Ex–Officio Recorder of Deeds for Perry County, Missouri, Appellant.**

No. 53402.

Missouri Court of Appeals, Eastern District, Southern Division.

March 29, 1988.

Thomas L. Hoeh, Perryville, for appellant.

Kim R. Moore, Perryville, for respondents.

CRIST, Presiding Judge.

Appellant (clerk) appeals the issuance of a Writ of Mandamus by the trial court directing clerk to issue a marriage license to respondents (relators) based upon their application filed with clerk. We affirm.

Clerk refused to issue the license based upon relators' relationship as uncle and niece. This relationship was created by the adoption of the female relator by the male relator's brother. Clerk based her decision on the authority of § 451.020, RSMo 1986. The issue before us is whether the marriage of an uncle and niece related by adoption is prohibited by § 451.020.

Section 451.020 provides:

All marriages between parents and children, including grandparents and grandchildren of every degree, between brothers and sisters of the half as well as the whole blood, between uncles and nieces, aunts and nephews, first cousins, and between persons who lack capacity to enter into a marriage contract, are presumptively void; and it shall be unlawful for any city, county or state official having authority to issue marriage licenses to issue such marriage licenses to the persons heretofore designated, and any such official who shall issue such licenses to the persons aforesaid knowing such persons to be within the prohibition of this section shall be deemed guilty of a misdemeanor.... § 451.020, RSMo 1986.

There is no reference to relationship by adoption in the marriage statute and the parties do not cite, nor has our independent

research disclosed, any Missouri cases interpreting § 451.020 to include or exclude adoptees.

"In construing a statute, we must give effect to the expressed intent of the legislature; we must not add provisions under the guise of construction if they are not plainly written or necessarily implied." *Wilkinson v. Brune*, 682 S.W.2d 107, 111 [4] (Mo. App.1984).

Section 568.020, which defines the crime of incest, states the following:

1. A person commits the crime of incest if he marries or purports to marry or engage in sexual intercourse or deviate sexual intercourse with a person he knows to be, without regard to legitimacy:

(1) His ancestor or descendant by blood or *adoption;* or

(2) His stepchild, while the marriage creating that relationship exists; or

(3) His brother or sister of the whole or half-blood; or

(4) His uncle, aunt, nephew or niece *of the whole blood.* (Emphasis added) § 568.020.1, RSMo 1986.

Section 568.020.1 makes it clear that an ancestor or descendant by adoption is a close enough relationship for the crime of incest, but provides that the relationship of uncle and niece must be "of the whole blood."

The prohibition against the marriage of close relatives has long existed; however, the policy argument is not as strong when the parties are related by adoption. While all states prohibit the marriage of relatives within certain degrees of kinship, not all prohibit that marriage if the relationship is due to adoption. *See Bagnardi v. Hartnett*, 81 Misc.2d 323, 325, 366 N.Y.S.2d 89, 91 (1975) (marriage between adoptive father and adopted daughter legally permissible); *see also Israel v. Allen*, 195 Colo. 263, 266, 577 P.2d 762, 764 [4] (1978) (statute prohibiting marriage between brother and sister related by adoption is unconstitutional as violative of equal protection); *but cf. Rhodes v. McAfee*, 224 Tenn. 495, 502, 457 S.W.2d 522, 524 [2] (1970) (marriage of stepfather to stepdaughter after his di-

vorce of her mother was void ab initio under the laws of Tennessee and Mississippi).

The Missouri legislature included the word "adoption" in § 568.020 but not in § 451.020. If the legislature intended § 451.020 to apply to adoptees, that could have been accomplished by explicitly including relatives by adoption in the statute. They did not do this. For that reason, and because of the policy considerations discussed previously, we cannot construe the prohibition of § 451.020 to include an uncle and niece by reason of adoption. Therefore, the marriage of relators is not prohibited by § 451.020.

Because the statute did not clearly authorize the clerk to issue the license in this case, the clerk properly refused to do so without a court order. However, she must issue the order upon being presented with a final order from a court of competent jurisdiction. This opinion is not intended to go beyond the marriage of an uncle and niece related by adoption.

Judgment affirmed.

GRIMM, J., and SIMEONE, Senior Judge, concur.