Duncan C. **TENNEY** and Virginia C. **Tenney, Petitioners–Appellants,**

v.

**BOARD OF ASSESSMENT APPEALS and Arapahoe County Board of Equalization, Respondents–Appellees.**

**No. 92CA1597.**

Colorado Court of Appeals, Div. II.

June 17, 1993.

Tom Kintzele, Evergreen, for petitioners-appellants.

No appearance for Bd. of Assessment Appeals.

Peter Lawrence Vana, III, Arapahoe County Atty., Richard F. Mutzebaugh, Sp. Asst. County Atty., Littleton, for respondent-appellee Arapahoe County Bd. of Equalization.

Opinion by Judge PIERCE.

In this action challenging a reassessment of property value, petitioners, Duncan C. and Virginia C. Tenney, appeal from a ruling of the Board of Assessment Appeals (BAA) entered in favor of the Arapahoe County Board of Equalization (BOE). We reverse.

On April 20, 1991, the Arapahoe County Assessor (assessor) sent a notice of valuation to the then owner of the property that is the subject of this action indicating that the actual value of the property had been reassessed at $332,002 from its previous value of $383,862 for the two-year assessment period beginning in 1991. A few days later, on April 29, 1991, the Tenneys purchased the property, and thereafter, they timely filed a protest of the valuation with the assessor and petitioned the BOE for review, both of which were denied. Thereafter, they appealed to the BAA.

On December 2, 1991, the assessor sent a Special Notice of Valuation to the petitioners indicating that their property had been reassessed at $348,562. The petitioners appealed the special notice directly to the BAA.

On the petitioners' motion, the BAA consolidated the appeals, and a hearing was held on September 2, 1992. At the hearing, the BAA dismissed the appeals, finding that the petitioners lacked standing to protest the assessment because they were not the record owners of the subject property as of January 1, 1991, the first day of the two-year assessment period.

## I.

On appeal, petitioners contend that the BAA erred in determining that they lacked standing to protest the assessor's valuation of their property. They rely upon § 39–1–108, C.R.S. (1982 Repl.Vol. 16B), which provides that, in the absence of an express agreement as to the payment of taxes between a buyer and seller, a buyer of taxable property before July 1st is liable for all of the taxes on the property for that tax year. Accordingly, petitioners argue that they are "taxpayers" for the subject property in 1991. They therefore conclude that, because they are liable under § 39–1–108 for the taxes assessed against their property, they have standing to protest the assessor's valuation.

BOE contends that the only party entitled to protest the assessor's valuation of property is the record owner of property on the date of assessment which, under § 39–1–105, C.R.S. (1982 Repl.Vol. 16B), is the first day of January of the tax year. Subsequent owners, BOE argues, must pay the taxes on the property and may protest the valuation only through the abatement proceedings under § 39–10–114, C.R.S. (1982 Repl.Vol. 16B). We agree with petitioners.

### A.

■ If a statute designates those who may bring an action, only those parties so designated have standing to do so. *See Berry Properties v. City of Commerce City,* 667 P.2d 247 (Colo.App.1983).

■ Taxpayers are granted, by statute, the right to protest an erroneous valuation of their property to the county assessor and to appeal the assessor's decision to the BOE and BAA. Section 39–5–122(2), C.R.S. (1992 Cum.Supp.), provides, in pertinent part, that:

> If any person is of the opinion that his property has been valued too high, or is exempt by law from taxation or that property has been erroneously assessed to him, he may appear before the assessor and object, he may complete the form mailed with his notice of valuation pursuant to 39–5–121(1) or (1.5), or he may file a letter of objection and protest by mail with the assessor's office before the last day specified in the notice, stating in general terms the reason for the objection and protest.

As used in § 39–5–122, "person" refers to "natural persons, corporations, partnerships, associations, and other legal entities

which *are or may become taxpayers* by reason of ownership of taxable real or personal property." Section 39–1–102(9), C.R.S. (1982 Repl.Vol. 16B) (emphasis added).

In addition, the BOE is required by statute to "receive and hear petitions from all persons whose objections or protests have been refused or denied by the assessor." Section 39–8–106, C.R.S. (1982 Repl.Vol. 16B). If the decision of the BOE is against the petitioner, he may appeal to the BAA. Section 39–8–108, C.R.S. (1992 Cum.Supp.). Again, the term "petitioner," as used in these statutes, has been interpreted as meaning the taxpayer for the property. *See Adams County Board of County Commissioners v. Union Pacific R. Co.,* 34 Colo.App. 156, 525 P.2d 1202 (1974).

Here, it is undisputed that petitioners were the taxpayers for the subject property for at least a portion of 1991. Therefore, under § 39–5–122, they have standing to protest the assessor's valuation of their property.

 We are aware of no statutory authority limiting the right to protest property valuations to the record owner of the property as of the first day of the tax year. Because we must strictly construe taxing powers against the taxing authority and in favor of the taxpayer, *see City & County of Denver v. Sweet,* 138 Colo. 41, 329 P.2d 441 (1958), we decline to impose such a limitation.

A taxpayer who purchases property after the first day of the tax year may challenge an erroneous valuation of property by seeking an abatement of taxes already paid. *Utah Motel Associates v. Denver County Board of Comm.,* 844 P.2d 1290 (Colo.App.1992). We have previously recognized that abatement proceedings are appropriate when the taxpayer is unable to pursue a protest of the valuation; for example, if the taxpayer does not learn of the error in valuation until after the statutory period for the filing of such protests. *See Bea Kay Real Estate Corp. v. Aragon,* 782 P.2d 837 (Colo.App.1989).

Here, because petitioners filed a timely protest and appeal of the assessor's valuation, they are not, as BOE suggests, limited to the abatement remedy.

Therefore, we conclude that the BAA erred in dismissing petitioners' appeals for lack of standing.

### B.

If petitioners have standing to protest the assessment, BOE contends, then the appeal must be dismissed for failure to join the prior owners as an indispensable party.

This argument is raised for the first time on appeal, and therefore, we do not address it. *See City of Aurora v. Aurora Firefighters' Protective Ass'n,* 193 Colo. 437, 566 P.2d 1356 (1977).

Moreover, because the purchase agreement is not contained in the record, we cannot determine whether the prior owners were liable for taxes on the property under the purchase agreement.

The order of the BAA is reversed, and the cause is remanded for consideration of the merits of the petition.

REED and BRIGGS, JJ., concur.